JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-9440 PA (JCGx) | Date | March 6, 2014 |
|---|---|---|---|
| Title | Argo Trading International, LLC v. Maersk Line Limited, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant Maersk Line, Limited ("Defendant") on December 23, 2013. Defendant asserts that the Court has jurisdiction over this action, brought by plaintiff Argo Trading International, LLC ("Plaintiff"), on the basis of federal question jurisdiction. See 28 U.S.C. § 1331.

Plaintiff, a limited liability company that imports fruit, commenced this action against Defendant in Los Angeles Superior Court. Defendant is a common carrier that transports goods by water. The First Amended Complaint ("FAC") alleges claims for damage to cargo, negligence and/or willful conduct, breach of contract, breach of warranty, and breach of bailment. According to the FAC, Plaintiff delivered several shipments of fresh melons to Defendant on November 18, 2012 and November 20, 2012 ("Melon Shipments") to be transported from Puerto Quetzal, Guatemala, to Los Angeles, California. Plaintiff alleges that Defendant delivered the Melon Shipments in a damaged condition on December 10, 2012. Plaintiff alleges damages of no less than $187,357.36.

The Notice of Removal asserts that this Court has federal question jurisdiction because the factual allegations in the FAC invoke the application of the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 30701 note. Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v.Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-9440 PA (JCGx) | Date | March 6, 2014 |
|---|---|---|---|
| Title | Argo Trading International, LLC v. Maersk Line Limited, et al. | | |

Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. Generally, there is no federal question jurisdiction simply because there is a federal defense to the claim. Id. However, there is an exception to this general rule, known as the complete preemption doctrine. Toumajian v. Frailey, 135 F.3d 648, 653 (9th Cir. 1998). Under this exception, "even if the only claim in a complaint is a state law claim, if that claim is one that is 'completely preempted' by federal law, federal subject matter jurisdiction exists and removal is appropriate." Id.

Several cases support the proposition that COGSA is "completely preemptive." See, e.g., Polo Ralph Lauren, L.P. v. Tropical Shipping & Constr. Co., 215 F.3d 1217, 1220 (11th Cir. 2000); Cont'l Ins. Co. v. Kawasaki Kisen Kaisha, Ltd., 542 F. Supp. 2d 1031, 1034-36 (N.D. Cal. 2008); Joe Boxer Corp. v. Fritz Transp. Intl., 33 F. Supp. 2d 851, 854 (C.D. Cal. 1998). As the court explained in Joe Boxer Corp., those "cases are based on the principle that COGSA is not merely a defense, but an exclusive remedy for loss or damage to goods covered by its provisions." 33 F. Supp. 2d at 854; see also Polo Ralph Lauren, L.P., 215 F.3d at 1220. This Court is persuaded by the reasoning in those cases, and agrees that COGSA completely preempts state law when COGSA applies to the claim at issue.

COGSA applies "to every bill of lading or similar documents of title which is evidence of a contract for the carriage of goods by sea to or from ports of the United States, in foreign trade." 46 U.S.C. § 30701; see also Cont'l Ins. Co., 33 F. Supp. 2d at 1033-34. The term "carriage of goods" covers the period from the time when the goods are loaded on to the time when they are discharged from the ship, commonly referred to as the "tackle-to tackle period." See Regal-Bloit Corp. v. Kawasaki Kisen Kaisha, Ltd., 557 F.3d 985, 991 (9th Cir. 2009) (quoting 46 U.S.C. § 30701 notes, sec. 1(e)). Thus, COGSA only governs claims that arise as a result of acts that were undertaken during the tackle-to tackle period. See Cont'l Ins. Co., 542 F. Supp. 2d at 1034; Smallwood v. Allied Pickfords, LLC, No. 08cv2196 BTM (RBB), 2009 WL 3247180, at *10 n.6 (S.D. Cal. Sept. 29, 2009).

Here, Defendant argues that COGSA applies to the claims in this action based on the factual allegations in the FAC. (See Notice of Removal 2-3 (citing FAC ¶¶ 5-16).) The FAC, however, does not specify where in the shipping process the goods were damaged or whether the contract at issue contains an express statement that it shall be subject to the provisions of COGSA. Rather, the FAC only alleges that "[t]he Melon Shipments were delivered by defendants . . . in a damaged condition in or about December 10, 2012." (FAC ¶ 15.) This allegation is insufficient to establish that the alleged damage to the Melon Shipments occurred during the tackle-to-tackle period. See Windchaser Prods. v. Dyna Int'l Shipping, Ltd., No. CV 09-6470 DSF (SSx), 2009 WL 3245790, at *1 (C.D. Cal. Oct. 6, 2009) (remanding an action removed under COGSA because the complaint did not allege where in the shipping process the goods were damaged).

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-9440 PA (JCGx) | Date | March 6, 2014 |
|---|---|---|---|
| Title | Argo Trading International, LLC v. Maersk Line Limited, et al. | | |

      Accordingly, the Court concludes that Defendant has failed to establish that Plaintiff's claims are completely preempted by COGSA. As a result, Defendant has not met its burden to establish the existence of the Court's subject matter jurisdiction. The Court therefore remands this action to the Los Angeles County Superior Court, Case No. NC059203. See 28 U.S.C. § 1447(c).

      IT IS SO ORDERED.